UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MERRIWEATHER,

                Petitioner,           No. 99-CV-75306-DT

vs.                                            Hon. Gerald E. Rosen

JERRY HOFBAUER,

                Respondent.
_____/

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION FOR RELIEF FROM JUDGMENT OR ORDER

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on     August 8, 2007

    PRESENT:  Honorable Gerald E. Rosen
                          United States District Judge

On August 31, 2001, this Court entered an Opinion and Order and Judgment denying William Merriweather's Petition for a Writ of Habeas Corpus. Merriweather was subsequently denied a certificate of appealability by the Sixth Circuit Court of Appeals, and his petition for a writ of certiorari was denied by the Supreme Court in December 2002. Now, more than four years later, Petitioner returns to this Court arguing for a reversal -- by way of a Fed. R. Civ. P. 60(b) motion for relief from judgment -- of this Court's 2001 ruling contending that the Court erred in ruling on his petition for a writ of habeas corpus without first expressly ruling on, in separate orders, three of his other earlier motions for appointment of counsel, for evidentiary hearing, and to amend/correct

his reply (erroneously captioned as a response) to the State's response, and fourth motion -- filed after the Magistrate Judge issued his Report and Recommendation and after Petitioner filed his Objections to the R&R -- asking the Court to remand the case to the Magistrate Judge for a ruling on his pre-R&R motions.

As indicated, Petitioner predicates his request for relief upon Fed. R. Civ. P. 60(b). Specifically, Petitioner seeks relief under subsections (1), (2) and (4). Rule 60(b), however, expressly states that motions made pursuant to subsections (1), (2), and (3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Here, the Judgment from which Plaintiff seeks relief was entered on August 31, 2001. However, he did not file this Motion until July 26, 2007, i.e., nearly six years after entry of Judgment. Not having been timely filed in accordance with the requirements of Rule 60(b), Plaintiff's Motion for Relief from Judgment, to the extent it is predicated upon subsections (1) and (2) of the Rule, must be denied.

This leaves only Rule 60(b)'s subsection (4), the void judgment provision, as an possible basis for relief. However, notwithstanding the lack of merit of a "void judgment" argument, even under subsection (4), Petitioner's motion is untimely. As explicitly stated in the Rule, Motions brought under subsections (4), (5) and (6) of Rule 60(b) must be brought "within a reasonable time." Yet, Petitioner waited for nearly six years before filing his Motion. This clearly was not "within a reasonable time." *See, e.g., United States v. Assad*, 179 FRD 170, 172 (M.D.N.C. 1998) (holding that one year is the outside limit for filing a Rule 60(b) motion "within a reasonable time"); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerieene de Navigation*, 605 F.2d 648, 656 (2nd Cir. 1979)

(Rule 60(b) motion filed ten months after judgment held not to have been timely filed).[1]

CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment be, and hereby is DENIED.

```
                            s/Gerald E. Rosen
                            Gerald E. Rosen
                            United States District Judge
```

Dated: August 8, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2007, by electronic and/or ordinary mail.

```
                            s/LaShawn R. Saulsberry
                            Case Manager
```

---

[1] Thus, even if the Court were to consider the time period for filing not to have begun to run until he was advised by the state court, on September 17, 2004, that the transcript of the proceedings in which his retained attorney was granted leave to withdraw (which was the basis for one of his habeas claims) had been destroyed, Petitioner's motion still would be untimely as it was filed nearly three years after he received this information.