UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. MERRIWEATHER,

        Petitioner,             No. 99-cv-75306

vs.                                         Hon. Gerald E. Rosen

BONITA J. HOFFNER, Warden,

        Respondent.
_____/

ORDER DENYING PETITIONER'S APRIL 2, 2015 MOTION FOR
FOR RELIEF FROM JUDGMENT, AND DENYING A CERTIFICATE
OF APPEALABLITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on April 21, 2015

        PRESENT:   Honorable Gerald E. Rosen
                               United States District Chief Judge

On August 31, 2001, this Court entered an Opinion and Order and Judgment denying William A. Merriweather's Petition for a Writ of Habeas Corpus and dismissed this action in its entirety. After failing to succeed with his appeals to the Sixth Circuit Court of Appeals and to the Supreme Court, six years later, on July 26, 2007, Petitioner returned to this Court with a Fed. R. Civ. P. 60(b) Motion for Relief from Judgment which this Court denied both on procedural grounds as untimely, and on the merits. The

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**. Sixth Circuit found no merit in

Petitioner's appeal from this Court's order, and denied Petitioner's request for a certificate of appealability, and dismissed Petitioner's appeal on March 18, 2008.

On April 2, 2015, Petitioner submitted another Rule 60(b) Motion for Relief from Judgment in which he seeks reconsideration of the Court's denial of his habeas petition based upon the Court's failure to expressly rule on a motion he filed for an evidentiary hearing before it ruled on the merits of his habeas corpus petition.  Petitioner's motion for evidentiary hearing was among the motions upon which his July 2007 Rule 60(b) Motion was predicated.

As indicated, the Court has already determined that Petitioner's previous motion was untimely, and the Court of Appeals agreed.  That Plaintiff now purports to bring his Motion under Rule 60(b)(6) instead of under Rule 60(b)(1), (2) or (4) as he previously did does not change the result.  As the Court stated in denying Petitioner's earlier motion,

> As explicitly stated in the Rule, motions brought under subsections (4), (5) *and (6)* of Rule 60(b) must be brought "within a reasonable time." Yet, Petitioner waited for nearly six years before filing his Motion. This clearly was not "within a reasonable time." *See, e.g., United States v. Assad*, 179 FRD 170, 172 (M.D.N.C. 1998) (holding that one year is the outside limit for filing a Rule 60(b) motion "within a reasonable time"); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerieene de Navigation*, 605 F.2d 648, 656 (2nd Cir. 1979) (Rule 60(b) motion filed ten months after judgment held not to have been timely filed).

[8/8/07 Order Denying Petitioner's Rule 60(b) Motion for Relief from Judgment or Order, Dkt. # 83, pp. 2-3 (footnote omitted and emphasis added.)]

The instant motion, filed 14 years after entry of Judgment, is even more untimely.

Furthermore, both the U.S. Supreme Court and this Court have repeatedly held

that relief under Rule 60(b) -- particularly under subsection (6) -- is "extraordinary relief" to be granted only in exceptional circumstances.  *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b)(6) means "unusual and extreme situations where principles of equity *mandate* relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b).  *Pierce v. UMW Welfare & Retirement Fund*, *supra*, 770 F.2d at 451.

No such exceptional circumstances have been shown by Petitioner Merriweather.  Indeed, pursuant to the Rules Governing Habeas Cases under 28 U.S.C. § 2254, the determination of whether to conduct a hearing is left to the discretion of the court.  As provided in Rule 8,

> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Clearly, the Court determined that no evidentiary hearing was needed in Petitioner's case.  The Court of Appeals agreed.  In fact, the appellate court expressly denied the motion filed by Petitioner in that court to remand the case to this Court to

3

conduct an evidentiary hearing. *See* Sixth Circuit 4/30/02 Order at Dkt. #77.

For the foregoing reasons, Petitioner's Motion for Relief from Judgment will be DENIED.

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason would not find the Court's ruling debatable. The Court also will also deny Petitioner permission to appeal *in forma pauperis* because any appeal would be frivolous.

## ORDER

For all of the reasons stated above,

IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment **[Dkt. # 91]** is DENIED.[1]

IT IS FURTHER ORDERED that a certificate of appealability and permission to appeal *in forma pauperis* are DENIED.

S/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 21, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2015, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135

---

[1] To the extent that Petitioner intended that his Motion to Amend Rule 60(b) Motion [Dkt. # 89] be directed to this Rule 60(b) Motion, and not his July 2007 Motion as indicated in the Court's 4/13/15 Order, the Court hereby corrects the April 13 Order [Dkt. # 90] to so reflect that fact. Though the Motion to Amend was docketed on April 9th, Petitioner's 4/2/15 Motion was not entered on the docket until six days later, on April 15th, after the Court had entered its 4/13/15 Order denying Petitioner's motion to amend as moot. Though not moot, the Court nonetheless concludes that the motion was properly denied as amendment of Petitioner's 4/2/15 Rule 60(b) Motion would be futile.