UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. MERRIWEATHER,

                Petitioner,                  No. 99-cv-75306

vs.                                             Hon. Gerald E. Rosen

BONITA J. HOFFNER, Warden,

                Respondent.
_____/

ORDER GRANTING APRIL 27, 2015 MOTION FOR RECONSIDERATION OF
ORDER DENYING MOTION TO AMEND MOTION FOR RELIEF FROM
JUDGMENT, BUT ADHERING TO THE DECISIONS DENYING PETITIONER'S
APRIL 2, 2015 MOTION FOR RELIEF FROM JUDGMENT AND
DENYING MOTION FOR RECONSIDERATION OF THOSE
DECISIONS; DENYING MOTION FOR EXTENSION OF TIME
TO MOVE TO EXPAND THE RECORD; AND DENYING A CERTIFICATE
OF APPEALABLITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on   July 02, 2015

                PRESENT:   Honorable Gerald E. Rosen
                                   United States District Chief Judge

       This habeas corpus matter is presently before the Court on several motions filed by Petitioner William Merriweather in April - May 2015, to-wit, Petitioner's Motion for Reconsideration of Order Denying his Motion to Amend his Rule 60(b)(6) motion for relief from judgment, filed on April 27, 2015 [Dkt. # 93]; and three motions filed on May 4, 2015: (1) Motion for Extension of Time to move to expand the record pursuant to

1

Rule 7 of the Rules Governing § 2254 Cases [Dkt. # 94]; (2) Request to Amend Rule 60(b)(6) Motion for Relief from Judgment [Dkt. # 96]; and (3) Motion for Reconsideration of Order Denying Petitioner's Motion for Relief from Judgment [Dkt. # 97] .

Petitioner's Motion for Reconsideration of Order Denying Motion to Amend

On April 13, 2015, the Court entered an Order denying Petitioner Merriweather's April 9, 2015 Motion to Amend one of his previously-filed motions for relief from judgment as moot. In reaching its conclusion, the Court understood Petitioner's motion to have been directed at a motion for relief from judgment he had filed in July 2007. In his April 27, 2015 motion for reconsideration, however, Merriweather states that the Court misunderstood the focus of his motion:  Rather than seeking to amend his July 2007 motion for relief from judgment (which he had brought pursuant to subsections (1), (2) and (4) of Fed. R. Civ. P. 60(b)), Merriweather states that he was seeking to amend a new motion for relief from judgment which he filed on April 2, 2015, in which he sought relief pursuant to Rule 60(b)(6).

However, as of April 13, 2015, i.e., the date of the Court's Order Denying Petitioner's Motion to Amend, Petitioner's April 2, 2015 Motion for Relief from Judgment had not yet been entered on the docket of this case.[1]  Hence, the Court was not aware that Petitioner had filed any motion for relief from judgment other than the July

---

[1] Although ordinarily motions and pleadings are entered within a day or two of filing, inexplicably Petitioner's motion was not entered on the docket until April 15,2015.

2

26, 2007 motion and, therefore, concluded that it was this motion that was the focus of Petitioner's Motion to Amend.  Because both this Court and Sixth Circuit Court of Appeals had already decided all of the issues raised in Petitioner's 2007 Motion for Relief from Judgment, the Court concluded that Petitioner's Motion to Amend that motion was moot.

As Petitioner's Motion to Amend was directed at amending/correcting his April 2, 2015 Rule 60(b)(6) Motion, and not his July 2007 Rule 60(b) Motion, the Court will GRANT Petitioner's motion for reconsideration **[Dkt. # 93]**, and the Court's determination that Petitioner's Motion to Amend was moot is hereby vacated.  The Court, accordingly, accepts the corrections to the April 2, 2015 Motion for Relief from Judgment requested by Petitioner, and treats that Motion as having been filed as corrected.

However, the amendments/corrections to Petitioner's Motion do not change the Court's ruling on the April 2, 2015 motion for relief from judgment.  The Court, in fact, addressed Petitioner's request for relief from judgment as if relief had been sought under subsections (1), (2), (4), as well as subsection (6) of Rule 60(b).  It is the substitution of subsection (6) for subsections (1), (2) and (4) that is the only correction of note to the motion for relief from judgment made by way of the motion to amend.  [*See* Dkt. # 100, Amended Order Denying Petitioner's April 2, 2015 Motion for Relief from Judgment, and Denying a Certificate of Appealability and Leave to Appeal *In Forma Pauperis*].  As

the Court treated the motion as having been filed pursuant to subsection (6) and denied relief even under that subsection, the amendment to the motion does not change the Court's ruling.

Petitioner's May 4, 2015 Motions

The three motions Petitioner filed on May 4, 2015 are directed at the Court's April 21, 2015 Order denying Petitioner's April 2, 2015 Motion.[2] By Petitioner's proposed expansion of the record, which is at the heart of Petitioner's motion for extension of time and his request to amend his Rule 60(b)(6) motion, and in his contemporaneously-filed motion for reconsideration, Petitioner contends that he can show "exceptional circumstances" for his 14-year delay in seeking relief from judgment. *However, untimeliness was not the sole basis for the Court's denial of the motion for relief from Judgment*. The Court also found no substantive merit in Petitioner's argument for relief from judgment which was predicated upon the magistrate judge's failure to rule on his motion for an evidentiary hearing and the lack of a response to his subsequent letter request to the Court to remand the matter to the magistrate judge for an evidentiary hearing. As the Court explained in its Order denying Petitioner's Motion for Relief from Judgment:

> [P]ursuant to the Rules Governing Habeas Cases under 28 U.S.C. § 2254, ***the determination of whether to conduct a hearing is left to the***

---

[2] An Amended Order denying the April 2, 2015 Motion was entered on May 13, 2015 when the Court discovered an error in pagination of the docketed copy of the April 21 Order.

> *discretion of the court*. As provided in Rule 8,
>
>> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.
>
> Clearly, *the Court determined that no evidentiary hearing was needed in Petitioner's case.* The Court of Appeals agreed. In fact, the appellate court expressly denied the motion filed by Petitioner in that court to remand the case to this Court to conduct an evidentiary hearing. See Sixth Circuit 4/30/02 Order at Dkt. #77.

[5/13/15 Amended Order Denying Petitioner's April 2, 2015 Motion for Relief from Judgment, and Denying a Certificate of Appealability and Leave to Appeal *In Forma Pauperis,* Dkt. # 100, p. 3 (emphasis added)].

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, *the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication*. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3) (emphasis added).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684

(E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A* ., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the Local Rule and foregoing authorities, the Court will deny Plaintiff's motion for reconsideration.  By this motion, Plaintiff is merely attempting to obtain a reversal of the Court's April 21/May 13 decision by presenting issues already ruled upon, if not expressly, at least, by reasonable implication.

The Court will also deny Petitioner's Motion to Expand the Record.  The letter which Petitioner seeks to file to expand the record does not evidence any "exceptional circumstances" that might form the basis for the granting of relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6).  In fact, the letter does not even evidence exceptional circumstances for Petitioner's 14-year delay in filing his Rule 60(b) motion.  All that letter shows is that in January 2000, Petitioner's eyes were swollen and although the doctor had prescribed him medication for the condition, he was not called back for a follow-up visit "in a couple of weeks" as the doctor had promised to do.  That Petitioner had an eye problem in 2000 does not explain why he did not move for relief from judgment in this habeas case until 2015.

The Court will also deny Petitioner's request for 90 days to retrieve additional medical records concerning his eye problems since 2000, which he claims will further show that there were exceptional circumstances for his delay in filing a tardy motion for relief from judgment.  As set forth above, excusing the delay in Petitioner's filing of his motion for relief from judgment will not change the outcome of this matter as it will not alter the Court's substantive ruling finding no merit in Petitioner's lack of an evidentiary hearing argument.  The conducting of an evidentiary hearing in a habeas case is a matter

7

of the Court's discretion. The Court *sub silencio* made the determination that no evidentiary hearing was needed to decide Mr. Merriweather's habeas petition, and it was within the Court's discretion to do so. *See* Rule 8 of the Rules Governing Habeas Cases under 28 U.S.C. § 2254; *see also Vroman v. Brigano*, 345 F.3d 598, 606 (6th Cir. 2003); *Lott v.Coyle,* 261 F.3d 594, 602 (6th Cir. 2001).

Before Petitioner may appeal from this Order, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason would not find the Court's ruling debatable. The Court also will also deny Petitioner permission to appeal *in forma pauperis* because any appeal would be frivolous.

## CONCLUSION

For all of the foregoing reasons,

8

IT IS HEREBY ORDERED that Petitioner's April 27, 2015 Motion for Reconsideration of Order Denying Motion to Amend Rule 60(b) motion as moot **[Dkt. # 93]** is GRANTED.

IT IS FURTHER ORDERED that Petitioner's May 4, 2015 Motion for Extension of Time **[Dkt. # 94]**, Request to Amend Rule 60(b)(6) Motion **[Dkt. # 96]**, and Motion for Reconsideration of Order Denying April 2, 2015 Motion for Relief from Judgment **[Dkt. # 97]** are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability and permission to appeal *in forma pauperis* are DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 2, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 2, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

9