UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. MERRIWEATHER,

        Petitioner,        No. 99-cv-75306

vs.        Hon. Gerald E. Rosen

BONITA J. HOFFNER, Warden,

        Respondent.

_____/

ORDER DENYING PETITIONER'S
MOTION FOR RECUSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 13, 2017

PRESENT: Honorable Gerald E. Rosen
                  United States District Judge

This habeas corpus matter is presently before the Court on Petitioner William Merriweather's Motion for Recusal of the undersigned Judge pursuant to 28 U.S.C. § 144[1] which states:

> Whenever a party to any proceeding in a district makes a and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias and prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and reasons for the belief that bias or

---

[1] Though Petitioner also states that he seeks recusal pursuant to 28 U.S.C. § 136, that statute has nothing to do with recusal or disqualification.

1

prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Recusal motions are matters committed to the sound discretion of the assigned district judge.  *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1984); *Kelley v. Metropolitan County Board of Education*, 479 F.2d 810, 811 (6th Cir. 1973); *United States v. Hatchett*, 978 F.2d 1259, 1992 WL 296865 (6th Cir. 1992).

The Sixth Circuit has explicitly determined that disqualification under § 144 must be predicated upon *extrajudicial* conduct rather than judicial conduct, and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and **not** from the judge's view of the law."  *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355-1356 (6th Cir. 1988).

The court clarified the meaning of "personal" bias in *Parker v. Sill*, 989 F.2d 500, 1993 WL 87432 (6th Cir. 1993):  "To be disqualifying the alleged bias of the judge must stem from an extrajudicial source and result in an opinion on the merits ***on some basis other than what the judge learned from his participation in the case***."  *Id.*, 1993 WL 87432 at *2 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).  *See also Green v. Nevers*, 111 F.3d 1195, 1303-04 (6th Cir. 1997) (disqualification under both § 144 and § 455 must be predicated "***upon extrajudicial conduct rather than on judicial conduct***" and upon "a personal bias 'as distinguished from judicial one,' arising 'out of

the judge's background and association' and not from the 'judge's view of the law.'" (quoting *Oliver v. Michigan State Board of Education*, 508 F.2d 178, 180 (6th Cir.1974), *cert. denied*, 421 U.S. 963 (1975)); *United States v. Hatchett, supra*, 1992 WL 296865 ("Personal bias is prejudice that emanates from some source **other than participation in the proceedings**. . . ." *Id*. at *4).

In assessing whether such personal bias exists to warrant disqualification, the Sixth Circuit standard is that a district judge is required to recuse himself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southland Corp*., 875 F.2d 1246, 1251 (6th Cir. 1989). This standard is an objective one, and "is not based on the subjective view of a party." *Id*. However, a judge's decisions are not biased just because the judge has a particular point of view on the law. *Parchman v. U.S. Dep't of Agriculture*, 852 F.2d 858, 866 (6th Cir. 1988).

Petitioner Merriweather's allegations of bias/prejudice in this case deal only with the Court's judicial rulings in this action. There are no facts to objectively establish such personal bias emanating from a source other than the Court's participation in this case to warrant disqualification.

Therefore,

IT IS HEREBY ORDERED that Petitioner's Motion for Recusal **[Dkt. # 110]** is **DENIED.**

Before Petitioner may appeal from this Order, a certificate of appealability must

3

issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required showing, the movant must show that reasonable jurists could debate whether the matter could have been resolved differently or whether the claims raised deserved further review. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). The court concludes that jurists of reason would not find the Court's denial of Merriweather's Motion for Recusal debatable. The Court also will also deny Petitioner permission to appeal *in forma pauperis* because any appeal would be frivolous. Accordingly,

      IT IS FURTHER ORDERED that a certificate of appealability and permission to appeal *in forma pauperis* are DENIED.


                    s/Gerald E. Rosen
                    United States District Judge

Dated: January 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2017, by electronic and/or ordinary mail.

                    s/Julie Owens
                    Case Manager, (313) 234-5135