UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. MERRIWEATHER,

               Petitioner,                         No. 99-cv-75306

vs.                                                         Hon. Gerald E. Rosen

BONITA J. HOFFNER, Warden,

               Respondent.
_____/

ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION AND DENYING AS MOOT PETITIONER'S
MOTION TO STAY RULING ON MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 13, 2017

PRESENT:  Honorable Gerald E. Rosen
                            United States District Judge

On March 29, 2016, Petitioner Merriweather filed a Motion for Reconsideration of the Court's denial of his earlier-filed *Nunc Pro Tunc* Application for an Order directing that the Court's denial of Petitioner's January 25, 2001 Motion for an Evidentiary Hearing be explicitly set forth in a docket entry.  That same date, March 29, 2016, Petitioner filed a Motion asking that the Court hold ruling on the Motion for Reconsideration in abeyance pending his pursuit of an appeal of any denial of his contemporaneously-filed Motion for Recusal to the Chief Judge.

The decisions of District Judges, however, may not be appealed to the Chief Judge

1

of the District Court; appeal may only be taken before the Sixth Circuit Court of Appeals. Therefore, Petitioner Merriweather's Motion to hold decision on Motion for Reconsideration in Abeyance **[Dkt. # 112]** is **DENIED** as moot.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which, in relevant part, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration

under Rule 59(e):  (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice.  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A*., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

      By application of the foregoing authorities, the Court will deny Plaintiff's Motion for Reconsideration.   Plaintiff's motion merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.  Furthermore, Plaintiff has not shown a "palpable defect" by which the Court has been misled.

      Therefore,

3

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration **[Dkt. # 111]** is **DENIED.**

Before Petitioner may appeal from this Order, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required showing, the movant must show that reasonable jurists could debate whether the matter could have been resolved differently or whether the claims raised deserved further review. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). The court concludes that jurists of reason would not find the Court's denial of Merriweather's Motion for Recusal debatable. The Court also will also deny Petitioner permission to appeal *in forma pauperis* because any appeal would be frivolous. Accordingly,

IT IS FURTHER ORDERED that a certificate of appealability and permission to appeal *in forma pauperis* are DENIED.

s/Gerald E. Rosen
United States District Judge

Dated:  January 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135