UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MERRIWEATHER, #131483,

        Petitioner,

                                   CASE NO. 99-CV-75306
v.                                   HONORABLE MARK A. GOLDSMITH

JERRY HOFBAUER,

        Respondent.
_____/

## ORDER REOPENING CASE AND TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

      Michigan prisoner William Merriweather ("Petitioner") has filed a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1987 Wayne County Circuit Court convictions for three counts of second-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. Petitioner filed a prior habeas petition in federal court challenging those same convictions, which was denied on the merits on August 31, 2001. See 8/31/2001 Order (Dkt. 66). The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability on May 6, 2002. See 5/6/2002 Order (Dkt. 77). The Sixth Circuit subsequently denied Petitioner authorization to proceed on a second or successive petition. See In re Merriweather, No. 14-1859 (6th Cir. Feb. 11, 2015).

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a

1

screening function which the district court previously performed. Felker v. Turpin, 518 U.S. 651, 664 (1996). As discussed, Petitioner has already filed a federal habeas petition challenging the same convictions at issue in the instant petition, which was denied and dismissed with prejudice. Petitioner has not obtained appellate authorization to file another petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court orders the Clerk of the Court to reopen this case and transfer the successive petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases) and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

SO ORDERED.

Dated: May 28, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2019.

s/Karri Sandusky  
Case Manager